IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN DAVIS, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| AERONET, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Karen Davis (hereinafter "Plaintiff"), and files this lawsuit against Defendant Aeronet, Inc. (hereinafter "Defendant"), showing the following:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, and reasonable attorneys' fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331 and § 1337, and 28 U.S.C. §1343(4).

4.

Defendant Aeronet, Inc. is registered and licensed to do business in Georgia, and the unlawful employment practices described herein occurred at 510 Plaza Drive, Suite 2280, College Park, Georgia.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.  Venue is also appropriate in this Court in accordance with 28 U.S.C. § 1391 and 29 USC § 216(b), as Defendant Aeronet, Inc.'s registered agent is located in the Northern District of Georgia.

## **PARTIES**

5.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia.  Plaintiff is subject to the jurisdiction of this Court.

6.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under 29 U.S.C. § 203(e).

7.

During her employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid an overtime wage differential.

8.

Defendant Aeronet, Inc. is a foreign corporation that is registered in Georgia and entitled to do business in Georgia.

9.

Defendant Aeronet, Inc. is an "employer" within the definition of the FLSA, 29 U.S.C. § 203(d). Defendant Aeronet, Inc. is governed by and subject to the FLSA, 29 U.S.C. § 204 and § 207.

10.

Defendant Aeronet, Inc. is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 U.S.C. § 203(r) and (s).

11.

Defendant Aeronet, Inc.'s gross revenues exceed $500,000 per year.

12.

Defendant Aeronet, Inc. has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

13.

Defendant Aeronet, Inc. may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Incorp Services, Inc., at 2000 Riveredge Parkway, NW, Suite 885, Atlanta, GA 30328.

## FACTUAL ALLEGATIONS

14.

Plaintiff worked for the Defendant from October 20, 2008 through October 31, 2013.

15.

Plaintiff's primary job duty included processing export and import orders. Specific examples of what Plaintiff was responsible for include booking shipments, locating a destination for the shipper, arranging flights, cutting airway bills,

working with brokers, filing with customs, and producing the payment to the airlines.

16.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

17.

Plaintiff was often required to work several hours before and after her scheduled shift ended in order to complete the work that Defendant assigned to her.

18.

Plaintiff was instructed by her managers to only include eight hours on her timesheet, regardless of how many hours she actually worked.

19.

The time that Plaintiff worked after her scheduled shift ended caused Plaintiff's work hours to exceed 40 hours each week.

20.

Plaintiff was not compensated for all of the hours that she worked each day that she was required to stay after her shift ended in order to complete her work.

21.

During Plaintiff's employment with the Defendant, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked over forty (40) hours in a workweek.

### COUNT ONE
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE FAIR LABOR STANDARDS ACT

22.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

23.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

24.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

25.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

26.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine her wages, hours and other conditions and practices of employment, in violation of the FLSA.

27.

Defendant's conduct was willful and in bad faith.

28.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all Counts in the Complaint;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 USC §§ 207 and 206(d); liquidated damages as provided by FLSA, 29 USC § 216; prejudgment interest on unpaid wages pursuant to FLSA, 29 § 216; and court costs, expert witness fees, and

reasonable attorneys' fees as provided under FLSA, 29 USC § 216, and all other remedies allowed under the FLSA;

(C) Grant declaratory relief to the effect that Defendant violated Plaintiff's statutory rights; and

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 17th day of February, 2014.

**BARRETT & FARAHANY, LLP**

/s/ Abigail Larimer
Benjamin F. Barrett
Georgia Bar No. 039586
Amanda A. Farahany
Georgia Bar No. 646135
Abigail Larimer
Georgia Bar No. 999229

*Attorneys for Karen Davis*

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com
amanda@bf-llp.com
abigail@bf-llp.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.

/s/ Abigail Larimer
Abigail Larimer
Georgia Bar No. 999229