# SETTLEMENT AGREEMENT AND GENERAL RELEASE

Karen Davis and her heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), and Aeronet, Inc. ("Aeronet" or "Defendants") agree that:

1. **Last Day of Employment.** Employee's last day of employment with Aeronet was on or about October 31, 2013.

2. **Consideration.** In consideration for this Settlement Agreement and General Release and compliance with its terms:

    a. Subject to approval of the terms of this Settlement Agreement by the United States District Court for the Northern District of Georgia in connection with the case captioned *Karen Davis v. Aeronet, Inc.*, Case No. 1:14-CV-00445-CAP, pending in the United States District Court for the Northern District of Georgia (the "Action"), Defendant agrees to pay a total of Sixty-Thousand Dollars and No Cents ($60,000.00), to be apportioned and paid as follows:

    (i) Eight Thousand Nine Hundred Dollars and No Cents ($8,900.00) will be paid to Employee as back wages. Statutory withholdings and applicable taxes will be withheld from this amount. Aeronet will issue an IRS Form W-2 to Employee for this wage portion of the payment. Aeronet will deliver this payment to Employee's counsel within ten (10) business days of the date the Court approves the terms of this Settlement Agreement.

    (ii) Eight Thousand Nine Hundred Dollars and No Cents ($8,900.00) will be paid to Employee as liquidated damages and other consideration. No withholding or tax deductions will occur with regard to this payment. Aeronet will issue an IRS Form 1099 to Employee for this non-wages portion of the payment. Aeronet will deliver this payment to Employee's counsel within ten (10) days of the date the Court approves the terms of this Settlement Agreement.

    (iii) Twenty-four Thousand Six Hundred Dollars and No Cents ($24,400) will be paid to Employee's counsel as attorneys' fees and costs. No withholding or tax deductions will occur with regard to this payment. Aeronet will issue IRS Form 1099s for this payment in accordance with applicable laws. Aeronet will deliver half of this payment to Employee's counsel within ten (10) days of the date the Court approves the terms of this Settlement Agreement.

    b. The parties further agree that of the total amount stated above, Seventeen Thousand Eight Hundred Dollars and No Cents ($17,800.00) will be paid to Employee as a compromise of her separately alleged non-wage claims. No withholding or tax

deductions will occur with regard to this payment. Aeronet will issue an IRS Form 1099 to Employee for this non-wages portion of the payment. Aeronet will deliver this payment to Employee's counsel within ten (10) days of the date the Court approves the terms of the wages portion of this Settlement Agreement.

      c.      Defendant will pay the total cost of mediation incurred by both parties.

      d.      Employee understands that counsel for Aeronet will deliver the foregoing payments to Employee's counsel of record, Abigail Larimer, Esquire, of the law firm Barrett & Farahany, 1100 Peachtree Street, NE, Suite 500, Atlanta, Georgia 30309, who, in turn, will ensure delivery to Employee. Employee understands and agrees that once Aeronet's counsel has delivered checks to Employee's counsel of record, any

      e.      The Parties agree that any change in the foregoing allocation or amounts ordered by the United States District Court for the Northern District of Georgia shall not impact the enforceability of this Agreement so long as Defendant is required to pay no more or no less than a total of Sixty Thousand Dollars and No Cents ($60,000.00).

      f.      Employee agrees to take all action necessary to seek approval of the terms of this Settlement Agreement by the United States District Court for the Northern District of Georgia, and agrees to take all action necessary to have all claims in the Action withdrawn and dismissed with prejudice.

      g.      Employee affirms that she has taken or will take all necessary steps to have her EEOC Charge of Discrimination, Charge No. 410-2014-02372 (the "Charge") withdrawn on or before the date she signed this Agreement

      3.      **No Consideration Absent Execution of this Settlement Agreement.** Employee understands and agrees that she would not receive the monies and/or benefits specified in section "2" above, except for Employee's execution of this Settlement Agreement and the fulfillment of the promises contained herein.

      4.      **General Release of All Claims**. Employee knowingly and voluntarily releases and forever discharges Aeronet, its privies, parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Employee has or may have against Releasees as of the date of execution of this Settlement Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (as modified below);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Equal Pay Act;

- The Fair Labor Standards Act;

- The Genetic Information Nondiscrimination Act of 2008;

- Georgia AIDS Confidentiality Act – O.C.G.A. §24-9-47;

- Georgia Equal Pay Act (Sex Discrimination in Employment) – O.C.G.A. §34-5-1 et seq.;

- Georgia Age Discrimination in Employment Act – O.C.G.A. § 34-1-2;

- Georgia Equal Employment for Persons with Disabilities Code – O.C.G.A. §34-6A-1 et seq.;

- Georgia Wage Payment and Work Hour Laws;

- City of Atlanta Anti-Discrimination Ordinance, Part II, Chapter 94, Article 11, Section 94-10 et seq.;

- any other federal, state or local law, rule, regulation, or ordinance;

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in any matter.

Employee is not waiving any rights she may have to: (a) her own vested accrued employee benefits under any health, welfare, or retirement benefit plans as of the Separation Date; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Settlement Agreement; (d) enforce this Settlement Agreement; and/or (e) challenge the validity of this Settlement Agreement.

Employee understands and agrees that nothing in this Settlement Agreement prohibits or prevents Employee from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **Acknowledgments and Affirmations.** Employee affirms that Employee has not filed, caused to be filed, or presently is a party, related to or affiliated with any claim against Aeronet, except the claims in the Action or Charge.

Employee also affirms that all hours purportedly worked have been reported as of the date Employee signs this release and have been paid and/or Employee has received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date Employee signs this Agreement. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Aeronet and will continue to maintain the confidentiality of such information consistent with Aeronet' policies, Employee's agreement(s) with Aeronet, and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Aeronet or its officers, including any allegations of corporate fraud.

Employee acknowledges and agrees that she will not be reinstated by Aeronet. She further acknowledges and agrees that because of circumstances unique to her including, but not limited to, irreconcilable differences with Aeronet, she shall not knowingly apply in the future for employment with Aeronet, or any Aeronet related, affiliated, or successor entities. Employee thus agrees that if she applies for a position with Aeronet and is offered and accepts a position, the offer may be withdrawn or Howard may be terminated immediately, without notice, cause, or recourse. This is a negotiated, non-retaliatory settlement term.

6. **Limited Disclosure and Return of Property.** The parties agree that the terms of this Settlement Agreement shall remain confidential until the Court approves the terms of the Settlement Agreement. Until the Court approves the terms of this Settlement Agreement, Employee agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Settlement Agreement, except to a spouse, tax advisor, an attorney with whom she chooses to consult regarding her consideration of this Settlement Agreement, and/or any federal, state, or local government agency. This shall not prohibit Employee from disclosing the information expressly set forth in this Settlement Agreement to the United States District Court for the Northern District of Georgia in connection with seeking approval of the terms of this Settlement Agreement or dismissal of the claims in the Action. All other terms regarding the Charge shall remain confidential and subject to this Agreement.

Employee affirms that Employee has returned all of Aeronet's property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at Aeronet' premises and that Aeronet is not in possession of any of Employee's property.

7. **Mutual Non-Disparagement.** The Parties agree not to defame or disparage the other party, their families, employees, officers, directors, products or services. Employee further agrees not to solicit or encourage any individual to bring a claim against the other party nor the Company's current or former officers, directors, or employees. In the event that a prospective employer(s) contacts Aeronet to verify Employee's prior employment, Aeronet will provide a neutral reference confirming only her dates of employment, salary history, and position held. Employee agrees that she will direct all inquiries to Ed Krieger, Vice President of Operations, Aeronet, Inc., and not to any other current or former individual associated with the Company.

8. **Governing Law and Interpretation.** This Settlement Agreement shall be governed and conformed in accordance with the laws of Georgia. In the event of a breach of any provision of this Settlement Agreement, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and/or to seek any damages for breach. Should any provision of this Settlement Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement in full force and effect.

9. **Non-admission of Wrongdoing.** The Parties agree that neither this Settlement Agreement nor the furnishing of the consideration for this Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind, all such liability or responsibility being expressly denied.

10. **Amendment.** This Settlement Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Settlement Agreement.

11. **Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Settlement Agreement, except for those set forth in this Settlement Agreement.

12. **Counterparts; Signature.** This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

**EMPLOYEE IS HEREBY ADVISED THAT SHE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE AND TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND GENERAL RELEASE. EMPLOYEE AFFIRMS THAT SHE HAS, IN FACT, REVIEWED THIS AGREMENT WITH HER COUNSEL OF RECORD, ABIGAIL LARIMER, OF THE LAW FIRM BARRETT & FARAHANY.**

**EMPLOYEE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND GENERAL RELEASE DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD. EMPLOYEE HAS CAREFULLY READ OR CAUSED TO BE READ THIS ENTIRE SETTLEMENT AGREEMENT AND GENERAL RELEASE, AND HAS BEEN GIVEN ADEQUATE TIME TO CONSULT WITH COUNSEL OF HER CHOOSING BEFORE SIGNING THIS AGREEMENT. EMPLOYEE CONFIRMS SHE FULLY UNDERSTANDS THE FINAL AND BINDING EFFECT OF THIS AGREEMENT, INCLUDING THE GENERAL RELEASE CONTAINED HEREIN. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN SECTION I ABOVE, EMPLOYEE KAREN DAVIS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST THE RELEASEES.**

The Parties knowingly and voluntarily sign this Settlement Agreement as of the date(s) set forth below:

Karen Davis

By: _____  Date: 10/3/14
Karen Davis

Aeronet, Inc.

By: _____  Date: 10/3/14
Edward Krieger

*[Remainder of page left blank intentionally]*

4820-6041-4686, v. 1